# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| INSURANCE DISTRIBUTORS § | | |
| INTERNATIONAL (BERMUDA) LTD. § | | |
| § | | |
| V. § | A-08-CA-767 AWA | |
| § | | |
| EDGEWATER CONSULTING GROUP § | | |
| LTD. § | | |

## ORDER

Before the Court is the above-entitled cause of action. The Court held a hearing and status conference on February 9, 2010, and in light of that hearing enters the following Orders.

**I.     Defendant's Motion to Strike Witnesses**

Defendant moves to strike two of Plaintiff's witnesses, Theresa Castellano and Benjamin Wood, designated on November 24, 2009. Defendant argues that these witnesses were designated past the deadline and that Plaintiff failed to seek leave for a late designation. Plaintiff IDI responds that these witnesses are husband and wife clients of Elizabeth Schurig who had purchased private placement life insurance from IDI with Edgewater servicing the policies. Plaintiff asserts that it did not learn that these individuals were unhappy with the servicing of their policies by Edgewater and unhappy with the arrangement through which Edgewater was receiving revenue until November 4th or 5th of 2009. At this time, these clients directed IDI to immediately discontinue using Edgewater to service their policies and cease making any payments to Edgewater on their policies. IDI argues that it promptly supplemented once it had knowledge of the relevant information.

Defendant Edgewater replies that IDI is in effect moving to modify the scheduling order and has failed to establish "good cause" for modifying the existing scheduling order. *See* FED. R. CIV. P. 16(B). The good cause standard requires the party seeking relief to show that, despite its exercise

of diligence, it cannot reasonably meet the scheduling deadlines. *S & W Enters., L.L.C. v. Southtrust Bank of Alabama*, 315 F.3d 533, 535 (5th Cir. 2003). A court has broad discretion to allow scheduling order modifications and considers four factors to determine if modification is appropriate: (1) the explanation for the party's failure to meet the deadline; (2) the importance of what the Court is excluding; (3) the potential prejudice if the Court allows the evidence or testimony, and (4) the availability of a continuance to cure such prejudice. *Id.* at 536; *Alt v. Medtronic, Inc.*, No. 2:04-cv-370, 2006 WL 278868, at *2 (E.D. Tex. Feb.1, 2006).

It appears that Plaintiff designated these witnesses as soon as it had knowledge that they were potentially witnesses. While IDI was aware that Castellano and Wood were insureds under policies at issue in the parties' dispute here, it was not aware until November 2009 that they were dissatisfied with Edgewater (and the attorney-owners of Edgewater). Castellano and Wood purportedly will offer testimony related to IDI's claim that Edgewater was not meeting its policy servicing obligations under the Consulting and Policy Services Agreement (CPSA). As insureds under the policies, Castellano and Wood were within the class of potential recipients of information about the policies. While the Court agrees with Edgewater that it is not entirely clear that this evidence is of great importance to the claims in the case, it does appear to be of potential relevance to IDI's claim that Edgewater was not adequately performing its servicing obligations under the contract. Given this, it appears that IDI could be prejudiced if these witnesses are not allowed to testify, and because they can be deposed prior to trial, any prejudice to Edgewater in allowing their testimony is minimal, and can be mitigated by shifting the costs of discovery if necessary. For this same reason, a continuance is not necessary. Accordingly, the Court finds that good cause exists to modify the scheduling order for the purpose of designating these witnesses.

Accordingly, the Court will DENY Defendant's Motion to Strike Based on Plaintiff's Late Designation of Witnesses (Clerk's Doc. No. 89). It is further ORDERED that the testimony of Castellano and Wood shall be limited to testimony regarding IDI's claim that Edgewater was not providing servicing on the policies naming them as insureds as required by the CPSA. The Court also ORDERS that IDI make the witnesses available for deposition as soon as possible, and in all events before the commencement of the trial on February 18, 2010 (as discussed below). The Court directs the parties to confer on the logistics of the depositions, and directs the parties to attempt to agree regarding where and how the depositions will be taken. The Court notes that, given the narrow focus of the testimony, and the location of the witnesses, it may be most efficient to arrange the deposition via a video conference. The Court will leave that to the parties to resolve, however. If they cannot resolve the logistical issues, and any cost-sharing issues raised thereby, then they should contact the Court's law clerk so that a hearing may promptly be scheduled to resolve any disputes.

**II. Motion for Summary Judgment and Issues for Trial**

The Court has considered the parties' arguments on Edgewater's Motion for Partial Summary Judgment, as well as the briefing on that motion, and has determined that it will carry those arguments into the trial. Thus, the Motion for Partial Summary Judgment (Clerk's Doc. No. 79) is DENIED without prejudice to those issues being raised in the bench trial in this matter. To provide clarity to the parties regarding the issues the Court believes are presented for trial, those issues are:

1. IDI's breach of contract claim against Edgewater:

    Did Edgewater breach the contract by failing to perform its consulting and servicing obligations under the CPSA?

2. IDI's requests for declaratory judgment:

      a.       That IDI is not obligated to pay Edgewater compensation on a policy if Edgewater ceases to provide primary policy services on that policy; and

      b.       That IDI has the right to terminate the CPSA.[1]

3.       Edgewater's breach of contract claim against IDI:

Did IDI breach the contract by failing to pay the fees required by § 3.1 of the CPSA?[2]

### III. Additional Court Date

The parties requested that the Court provide one additional day of trial time for the non-jury trial. The Court has reviewed its schedule, and is available on Thursday February 18, 2010. Accordingly, the bench trial of this case shall commence at 9:00 a.m. on February 18, 2010, and continue on February 22nd and 23rd as needed.

SIGNED this 10th day of February, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[1] Although not expressly addressed in the pleadings, given IDI's arguments at the hearing, it appears that if the Court declares that IDI does in fact have the right to terminate the CPSA, then there may be an issue regarding whether the contract has in fact been terminated, and if so, when.

[2] Again, based on the Court's current understanding of the parties' positions and arguments, it appears that if the Court finds that the CPSA was not breached by Edgewater, and was not terminable by IDI, or was not actually terminated, then there is no dispute that IDI is in breach of the contract for nonpayment.