IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| INSURANCE DISTRIBUTORS INTERNATIONAL (BERMUDA) LTD. | § § § | |
| V. | § § | A-08-CA-767 AWA |
| EDGEWATER CONSULTING GROUP LTD. | § § § | |

## ORDER

Before the Court is Non-party Frederick DeLuca and the DeLuca Family Trusts' Motion to Seal Selected Portions of the Trial Transcript and Trial Exhibits (Clerk's Doc. No. 139-1). Movants request that the Court redact and seal limited portions of the trial transcript and seal certain exhibits.

### I.   Redaction of the Trial Transcript

With regard to the Trial Transcript, Movants request that the Court seal and redact three categories of references to Movants:

1) references to the DeLuca family;

2) references that would permit the reader to identify the DeLuca family; and

3) references to the DeLucas' personal financial affairs, including references to their wealth and the amount and nature of their investments.

Courts have recognized that the public has a common law right to inspect and copy judicial records. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir. 1981). Public access serves important interests, such as "to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of fairness." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). The Motion to Seal implicates the

right to public access, and therefore, the First Amendment. *See Lawson v. Louisiana Eye Center of N.O.*, 1997 WL 375752, *1 (E.D. La. 1997). 990 F.2d 845, 849 (5th Cir. 1993), citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 682 (3d Cir. 1988).

The Court finds that the first two categories of information Movants request to be sealed are not proper candidates for redaction. The fact that certain individuals were involved directly or peripherally in the events leading up to this case are facts that are material to the litigation, and there is no reason the identity of these individuals and/or families should be hidden from the public. Movants fail to offer sufficiently strong reasons to demonstrate that their identities themselves need to be protected from public disclosure in the Court's record of the public proceedings in this case.

Having said this, the public's common law right of access is not absolute. *Nixon*, 435 U.S. at 598; *see Belo*, 654 F.2d at 430. "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598. Thus, the common law merely establishes a presumption of public access to judicial records. *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988). To determine whether to disclose or seal a judicial record, the Court must balance the public's common law right of access against interests favoring non-disclosure. *See Van Waeyenberghe*, 990 F.2d at 848. Accordingly, "the district court's discretion to seal the record of judicial proceedings is to be exercised charily." *See Van Waeyenberghe*, 990 F.2d at 848, *citing Federal Savings & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987).

Personal financial information, such as one's income or bank account balance, is universally presumed to be private, not public. *See United States v. Amodeo ( Amodeo II )*, 71 F.3d 1044, 1051 (2d Cir.1995) (courts analyzing common law presumption should "consider the degree to which the

subject matter is traditionally considered private rather than public"). Mr. DeLuca's strong interest in the privacy of the particulars of his and his family's personal financial information outweighs any common law presumption of access in these circumstances.  Accordingly, the Court will grant the Motion to Seal with regard to testimony concerning the DeLucas' specific investment amounts or value of their investments.  On the other hand, having reviewed the relevant testimony, the Court disagrees that there is a need to seal or redact any of the testimony which contains general references to the DeLucas' wealth or alleged net worth.

Consistent with this, within twenty (20) days of the date of this Order, counsel for the DeLuca entities shall file a redacted transcript that complies with this Order.  The newly redacted transcript may redact only testimony which contains specific statements regarding the amount of money Frederick DeLuca and the DeLuca Family Trusts' have invested in the investments which were the subject of the trial, and the values of those investments.  Upon receipt of the revised redacted transcript the Court will review the requested redactions, and once approved, that redacted transcript will become the official transcript available to the public (although the unredacted transcript will remain a part of the Court's official record of this case).

## II.  Sealing of Trial Exhibits

Movant also request that the Court seal thirty-four separate trial exhibits.  Based on the principles explained above, the Court has reviewed the various trial exhibits and will grant the motion in part.  The following Exhibits are ORDERED SEALED:  Plaintiff's Exhibit 8; Plaintiff's Exhibit 9; Plaintiff's Exhibit 26; Plaintiff's Exhibit 27; Plaintiff's Exhibit 45; Defendant's Exhibit 21; Defendant's Exhibit 37; and Defendant's Exhibit 168.  The other exhibits addressed in the

motion to seal either do not contain personal financial information or were not admitted into evidence.

### III.  Conclusion

ACCORDINGLY, IT IS ORDERED that Non-party Frederick DeLuca and the DeLuca Family Trusts' Motion to Seal Selected Portions of the Trial Transcript and Trial Exhibits (Clerk's Doc. No. 139-1) filed April 9, 2010 is GRANTED IN PART and DENIED IN PART. The DeLuca entities are ORDERED to file a revised  redacted transcript that complies with this Order within twenty (20) days of the date of this Order.  It is FURTHER ORDERED that Plaintiff's Exhibit 8; Plaintiff's Exhibit 9;  Plaintiff's Exhibit 26;  Plaintiff's Exhibit 27; Plaintiff's Exhibit 45; Defendant's Exhibit 21;  Defendant's Exhibit 37; and Defendant's Exhibit 168 are ORDERED SEALED.  In all other respects, the Motion is DENIED.

SIGNED this 2nd day of August, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE