**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **INSURANCE DISTRIBUTORS** | § | |
| **INTERNATIONAL (BERMUDA) LTD.** | § | |
| | § | |
| **V.** | § | **A-08-CA-767 AWA** |
| | § | |
| **EDGEWATER CONSULTING GROUP** | § | |
| **LTD.** | § | |

## ORDER

Before the Court are Defendant's Motion for Sanctions (Clerk's Doc. No. 163); Plaintiff's

Response (Clerk's Doc. No. 147); Defendant's Reply in Support of its Motion for Sanctions (Clerk's

Doc. No. 165); Plaintiff's Response to Defendant's Reply in Support of Its Motion for Sanctions

(Clerk's Doc. No. 149); Defendant's Motion to Strike Plaintiff's Response to Defendant's Reply in

Support of Its Motion for Sanctions or Alternative Motion for Leave to File Sur-Reply (Clerk's Doc.

No. 150);  Plaintiff's Response to Defendant's Motion to Strike, or, Alternatively, Motion for Leave

to File Plaintiff's Response to Defendant's Reply in Support of Its motion for Sanctions (Clerk's

Doc. No. 152); and, Defendant's Reply in Support of Motion to Strike Plaintiff's Response to

Defendant's Reply in Support of Its Motion for Sanctions (Clerk's Doc. No. 153).   Having

considered the motions, responses, and replies, the Court enters the following Order.

### I.      Defendant's Motion for Sanctions

Defendant Edgewater Consulting Group, Ltd., ("Edgewater"), moves for attorneys' fees and

costs incurred as a result of Plaintiff Insurance Distributors International (Bermuda), Ltd.'s, ("IDI"),

late designation of witnesses, Benjamin Wood and Theresa Castellano.  Edgewater asserts that IDI

moved to amend the Scheduling Order to allow the late designation of these two witnesses, without

having spoken to the witnesses and without having investigated what the witnesses knew.

Edgewater asserts that only after Wood's deposition did IDI determine that Wood and Castellano's testimony was not relevant to its case.  Edgewater maintains that IDI misrepresented to this Court the relevance of these witnesses and the substance of their testimony.  Edgewater complains that it was required to expend resources to prepare for and depose one of these two witnesses just prior to trial, and that ultimately, the testimony of neither witness was offered at trial.  Edgewater requests sanctions pursuant to FED. R. CIV. P. 11, 16,  26, and 28 U.S.C.A. § 1927.  Edgewater also requests that the Court impose sanctions pursuant to the Court's inherent power.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991).

IDI responds that counsel for Plaintiff spoke with witnesses Wood and Castellano prior to supplementing its witness disclosures with their names on November 24, 2009.  IDI asserts that it supplemented its discovery responses to add the names of Woods and Castellano as soon as practicable after its counsel became aware of their existence in early November of 2009.  IDI points out that the Court entered an Order on February 10, 2010, (Clerk's Doc. No. 115), finding good cause existed  to amend the Scheduling Order and allowing the designation of these two witnesses.  The Court ordered that IDI make the witnesses available for deposition as soon as possible and further stated "[i]t is further ORDERED that the testimony of Castellano and Wood shall be limited to testimony regarding IDI's claim that Edgewater was not providing servicing on the policies naming them as insureds as required by the CPSA." *See* Order at p. 3. (Clerk's Doc. No. 115).  IDI asserts that the two witnesses did possess potentially relevant information, but its counsel decided not to call Wood and Castellano after obtaining sufficient trial testimony from Giordani and Schurig about billing entries—the reason IDI wanted to call Wood in the first place.

## II.      Analysis

The Court finds that Edgewater's bases for requesting sanctions are without merit.  First, Rule 11 is inapplicable, because the various pleadings and documents support that counsel for IDI and John Lawson spoke to Castellano and Wood prior to designating them at witnesses.  Similarly, the Court found good cause to amend the Scheduling Order to allow the designation of Wood and Castellano, and thus no violation of Rule 16 or Rule 26 occurred.  Additionally, the Court finds that IDI's counsel did not act in bad faith in moving to designate Wood and Castellano after the deadline set forth in the Scheduling Order and thus 28 U.S.C. § 1927 is inapplicable.  Lastly, the Court declines to exercise its inherent power to sanction a party or its attorney for actions that the Court itself deemed reasonable in its February 10, 2010, Order.  This Court specifically found that good cause existed to allow the designations of Wood and Castellano and that the witnesses did possess potentially relevant information.  Although ultimately the witnesses were not offered at trial, counsel's strategic decision does not render their latent designation unreasonable, vexatious, or worthy of sanctions.  The Court understands that Edgewater's counsel was frustrated by devoting time to the deposition on the eve of trial, but as the Court already concluded when it ruled on the motion to strike the designations, IDI's counsel acted in good faith, and in a timely fashion.  The Court can similarly find no evidence of bad faith in counsel's decision to ultimately not call Wood as a witness.  Indeed, Edgewater's counsel are experienced trial lawyers and thus know well that trial is a fluid event, and such strategic decisions are made all the time during trial.  Indeed, if the Court were to impose sanctions in this instance, then it would arguably have to impose sanctions any time a witness who was designated as a potential trial witness is ultimately not called at trial, which is an occurrence in virtually every case that is tried.

3

Accordingly, Defendant's Motion for Sanctions (Clerk's Doc. No. 163) is DENIED, as is the request for attorney's fees contained within Plaintiff's Response to Defendant's Reply in Support of Its Motion for Sanctions (Clerk's Doc. No. 149).   Defendant's Motion to Strike Plaintiff's Response to Defendant's Reply in Support of Its Motion for Sanctions or Alternative Motion for Leave to File Sur-Reply (Clerk's Doc. No. 150) is ALSO DENIED.

SIGNED this 8th day of September, 2010.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

4